NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

KA07-479

STATE OF LOUISIANA

VERSUS

FRANK GERALD COLEMAN

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 6903-97
HONORABLE DAVID ALEXANDER RITCHIE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Oswald A. Decuir, Marc T. Amy, and J. David Painter, Judges.

APPEAL DISMISSED. DEFENDANT-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.

Hon. John F. DeRosier
District Attorney, 14th JDC
P.O. Box 3206
Lake Charles, LA 70602-3206
(337) 437-3400
COUNSEL FOR APPELLEE:
       State of Louisiana

G. Paul Marx
Attorney at Law
P.O. Box 82389
Lafayette, LA 70598-2389
COUNSEL FOR APPELLANT:
       Frank Gerald Coleman

**Decuir, Judge.**

On May 12, 1998, the Defendant, Frank Gerald Coleman, entered a plea of guilty to the charge of first degree robbery, a violation of La.R.S. 14:64.1, which was amended from the charge of two counts of armed robbery. The Defendant filed a motion for reduction/modification of sentence, which was denied by the trial court on November 21, 2006, as untimely.

On December 14, 2006, Defendant filed a notice of intent to appeal in the trial court. On January 23, 2007, the trial judge set a return date for filing the appeal for February 28, 2007. On April 4, 2007, an appeal was lodged with this court. On April 18, 2007, this court issued a rule to show cause why the appeal should not be dismissed: "as the judgment at issue is not an appealable judgment."

On May 9, 2007, appellate counsel filed in this court a motion to withdraw as counsel, and brief in support thereof, asking to be relieved as counsel in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967) and cited Louisiana cases in accordance therewith. In brief, counsel acknowledges that the judgment denying Defendant's motion was not appealable, with any relief available to Defendant being by an application for supervisory writs.

Louisiana Code of Criminal Procedure Article 912.1 provides:

> A. The defendant may appeal to the supreme court from a judgment in a capital case in which a sentence of death actually has been imposed.
>
> B. (1) The defendant may appeal to the court of appeal from a judgment in a criminal case triable by jury, except as provided in Paragraph A or Subparagraph (2) of this Paragraph.
>
> (2) An appeal from a judgment in a criminal case triable by jury from a city court located in the Nineteenth Judicial District, except as provided in Paragraph A of this Article, shall be taken to the Nineteenth Judicial District in the parish of East Baton Rouge.

1

C. (1) In all other cases not otherwise provided by law, the defendant has the right of judicial review by application to the court of appeal for a writ of review. This application shall be accompanied by a complete record of all evidence upon which the judgment is based unless the defendant intelligently waives the right to cause all or any portion of the record to accompany the application.

(2) An application for review by the defendant shall not suspend the execution of sentence, unless the defendant is admitted to post conviction bail.

Because the judgment is not appealable, the appeal in this case is hereby dismissed. Defendant-Appellant, Frank Gerald Coleman, is hereby permitted to file a proper application for supervisory writs, in compliance with Uniform Rules—Courts of Appeal, Rule 4-3 as we hereby construe the motion for appeal as a notice of intent to seek a supervisory writ.

**APPEAL DISMISSED. DEFENDANT-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION**.